## APPEAL OF HARMON W. HENDRICKS.

Docket No. 4554.     Decided September 30, 1926.

*Held*, that the dividends involved herein were paid from 1917 earnings only to the extent that there were such earnings on January 17, 1917, the date the dividends were declared.

*Lawrence A. Baker, Esq.*, and *Samuel Riker, Jr., Esq.*, for the petitioner.

*George G. Witter, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income taxes for the year 1917 in the amount of $7,507.12.

### FINDINGS OF FACT.

The taxpayer is an individual residing at New York City. He filed an income-tax return for the calendar year 1917 showing tax in the amount of $11,674.17 due on the basis of the income shown in the return, which was duly assessed and paid. In February, 1920, additional tax was assessed in the amount of $300.85. In April, 1923, an examination of the taxpayer's books and records for the year 1917 was made by a revenue agent, and upon his recommenda-

tion additional tax was assessed against the taxpayer for that year in the amount of $9,584.17. The taxpayer filed a claim for the abatement of the additional tax so assessed, and on April 3, 1924, he was advised by the Commissioner that the claim for abatement had been allowed in the amount of $2,077.05. The Commissioner's letter of April 3, 1924, is as follows:

> Reference is made to a letter dated August 29, 1923, written in your behalf by Mr. Samuel Riker, Jr., New York, and to your claim for abatement which refers to the further tax liability of $9,584.17 found due on your 1917 income tax return, Form 1040, by reason of the findings of the Revenue Agent.
>
> \*    \*    \*    \*    \*    \*    \*
>
> The Collector of Internal Revenue for your district will be officially notified of the adjustment at the expiration of thirty days from the date of this letter, unless prior to that date evidence is furnished, showing the adjustment is correct.
>
> Under no circumstances should payment of the amount rejected be made until a bill is received from the Collector of Internal Revenue for your district and remittance should then be made to him.

The taxpayer filed a protest against the Commissioner's action on the claim for abatement, and, after consideration thereof, the Commissioner denied the protest and advised the taxpayer of his action thereon by letter dated April 3, 1925, which is as follows:

> Reference is made to your tax liability for the year 1917.
>
> You are advised that the Solicitor of Internal Revenue, after careful consideration of all the facts and evidence submitted in support of the exceptions taken to the adjustment of your tax liability for 1917, has held that the dividends received from Hendricks Brothers, Incorporated, were properly allocated.
>
> In view of the foregoing the action of the Unit has been sustained and your protest denied.
>
> The adjustment of your tax, as shown by office letter of April 3, 1924, copy of which is attached, is, therefore, held to be correct.
>
> The overassessment indicated has been made the subject of a Certificate of Overassessment which was forwarded to you through the office of the Collector of Internal Revenue for your district.

The appeal herein was taken from the Commissioner's letter of April 3, 1925.

Hendricks Brothers, Inc., is, and was during the years 1916 and 1917, a corporation organized under the laws of the State of New York, having a capital stock issued and outstanding in the amount of $200,000, all of which was owned by the taxpayer. The net earnings of the company for the year 1916 were $283,924.35.

On January 17, 1917, at the annual meeting of the board of directors of Hendricks Brothers, Inc., the net profits of the company for the year 1916, amounting to $283,924.35, were carried to the undivided profits account. At the same meeting of the board of directors the following resolution was adopted:

On motion duly seconded a dividend of (20%) twenty per cent was declared out of the surplus earnings of the company to be paid as follows:

    January 31st, five per cent

    April 30th, five per cent

    July 31st, five per cent

    October 31st, five per cent

An extra dividend of twenty-five per cent (25%) was also declared payable forthwith.

In accordance with the resolution of the board of directors of Hendricks Brothers, Inc., the amount of $90,000 was transferred on January 19, 1917, from the undivided profits account to the dividend account.

On January 18, 1917, there was paid to the taxpayer, $50,000, on January 31, 1917, $10,000, on April 30, 1917, $10,000, on April 31, 1917, $10,000, and on October 31, 1917, $10,000, as dividends declared on January 17, 1917.

The taxpayer reported the dividends in question in his return for the year 1917 as having been paid in that year from earnings accumulated by Hendricks Brothers, Inc., during the year 1916, and therefore subject to taxation at the rates prescribed by law for the year 1916. The Commissioner, as shown by the letter of April 3, 1924, determined that $43,947 of the dividends was paid from earnings accumulated in the year 1916 and $46,053 from earnings accumulated in the year 1917.

The net earnings of Hendricks Brothers, Inc., for the year 1917 were $291,603.24. The record does not disclose the net earnings of Hendricks Brothers, Inc., during the period January 1 to January 17, inclusive.

### OPINION.

MARQUETTE: The Commissioner, in his answer to the taxpayer's petition herein, alleges that the letter of April 3, 1925, from which this appeal is taken, disclosed an overassessment rather than a deficiency in tax, and that the Board is therefore without jurisdiction to hear and determine the appeal. The Board has heretofore held that it has jurisdiction of an appeal from a determination of the Commissioner made prior to the Revenue Act of 1924, denying a claim for abatement of income and profits taxes assessed prior to the date of its enactment. *Appeal of Joseph Garneau Co.*, 1 B. T. A. 75; *Appeal of J. S. Hoskins Lumber Co.*, 3 B. T. A. 846. In our opinion the action of the Commissioner, as set forth in the letter to the taxpayer of April 3, 1925, was a final determination of the income tax due from the taxpayer for the year 1917, from which he has the right to appeal to this Board, and, upon the authority of the above cited appeals, we so hold.

The taxpayer contends that the dividends aggregating $90,000, paid to him by Hendricks Brothers, Inc., pursuant to the resolution of the board of directors adopted January 17, 1917, were made from profits accumulated during the year 1916 and should be taxed to him at the rates prescribed by law for the year 1916. The Commissioner has determined that the dividends were, to the amount of $46,053, paid from the earnings accumulated by Hendricks Brothers, Inc., during the year 1917 and that to the extent that they were paid out of 1917 earnings they are taxable at the rates prescribed by law for the year 1917.

The Commissioner also urges that the words *any distribution made* as used in the Revenue Act of 1917 with respect to dividends, had reference to the time of payment and not to the time when the dividends were declared. In support of this contention, he cites the case of *Edwards* v. *Douglas*, 269 U. S. 204.

Section 31 of the Revenue Act of 1916 (added by section 1211 of the Revenue Act of 1917), relating to dividends, is as follows:

SEC. 31. (a) That the term "dividends" as used in this title shall be held to mean any distribution made or ordered to be made by a corporation * * * out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders * * *.

(b) Any distribution made to the shareholders or members of a corporation * * * in the year nineteen hundred and seventeen, or subsequent tax years, shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received, and shall be taxed to the distributee at the rates prescribed by law for the years in which such profits or surplus were accumulated by the corporation * * * but nothing herein shall be construed as taxing any earnings or profits accrued prior to March first, nineteen hundred and thirteen, but such earnings or profits may be distributed * * * exempt from the tax, after the distribution of earnings and profits accrued since March first, nineteen hundred and thirteen, has been made.

In the *Appeal of A. H. Stange*, 1 B. T. A. 810, the Board held that the words *any distribution made*, as used in the above quoted section with respect to dividends, have reference to the time a dividend is declared and not the time of payment. The Board in that appeal said:

The determination of the principal question herein depends, in the last analysis, upon the construction which must be given to the words *any distribution made*, as used in section 31 (b) of the Revenue Act of 1916. If these words have reference to the declaration of a dividend, the taxpayer must prevail; if they mean the actual time of payment of a dividend, then it will be necessary to construe the limitations upon distribution of earnings and profits in said section. It is therefore necessary to ascertain the legal effect of a resolution declaring a dividend. The definition of a dividend in section 31 (a) of the 1916 Act as "any distribution made or ordered to be made by a corporation * * * out of its earnings or profits * * * and payable to its shareholders," comports with the general definition of a dividend, and for

the purposes of this case may be taken as correctly defining a dividend declared out of earnings or profits accrued prior to March 1, 1913. What, then, is the legal effect of the declaration of a dividend? * * *.

The outstanding features of a dividend declaration are that, by the mere declaration, the dividend becomes thereby separated and segregated from the stock and exists independently of it; the *right* thereto becomes immediately fixed and absolute in the stockholders, and the corporation becomes a debtor to its stockholders for their pro rata shares. There is an apportionment or division of the assets of the corporation, to the extent of the dividend, to its stockholders. The corporation is at once poorer in the amount of the dividend declaration, and the stockholder becomes richer in his own right, to the extent of his pro rata share. What theretofore existed as undivided profits or surplus has become divided profits and the surplus is reduced to the extent of the dividend declared. It has ceased to be the property of the corporation and has become the property of the stockholder, and his interest therein becomes adverse to the corporation and to every other stockholder. We think this division or segregation of the amount of the dividend from the general mass of the corporate property and its apportionment to the stockholders is included in the words *any distribution made*, as used in the statute, and that those words must be given the same legal effect as results from the declaration of a dividend. It follows that the resolution of the board of directors of A. H. Stange Co., passed on January 27, 1917, constituted a distribution to its stockholders at that time of the surplus existing at March 1, 1913, and the fact that payment was made in subsequent years becomes immaterial.

We have carefully considered the case of *Edwards* v. *Douglas*, *supra*, but we are unable to agree with the Commissioner that it is authority for holding that the words *any distribution made*, as used in section 31 (b) of the Revenue Act of 1917, relate to the time of payment. We therefore hold that the resolution of the board of directors of Hendricks Brothers, Inc., of January 17, 1917, constituted a dividend at that time, regardless of the fact that part of the dividend was not paid until later.

Having decided that the amount of $90,000 received by the taxpayer during the year 1917, pursuant to the resolution of the board of directors of Hendricks Brothers, Inc., adopted January 17, 1917, constituted a dividend to him on that date and not on the dates when the payments were actually made, we must consider whether any part thereof is, as contended by the Commissioner, taxable at the rates applicable for the year 1917. In the case of *Edwards* v. *Douglas*, *supra*, the facts were that in September and December, 1917, Phelps Dodge Corporation declared two dividends called " depletion dividends," of which $328,400 was paid to Douglas. He, and later his estate, claimed that the dividends were not taxable but that, if taxable at all, it was at the 1916 rate, since the corporation had a surplus on December 31, 1916, sufficient to pay the dividend. At the time the dividends were declared the current earnings were also sufficient for that purpose. The Supreme Court of the United States

held that the words "most recently accumulated undivided profits or surplus" from which distributions were made under section 31 (b) of the Revenue Act of 1917, include current earnings, and that dividends paid in the year 1917 are taxable at the 1917 rate insofar as they were made from earnings of that year. It follows, therefore, that the distribution made by Hendricks Brothers, Inc., on January 17, 1917, was made from earnings for the period January 1 to January 17, 1917, insofar as there were such earnings.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*